```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
MUHARREM BALKANLI, A#200-040-897,
                                    :
                Petitioner,           REPORT & RECOMMENDATION
                                    :
        -against-                     09 Civ. 749 (GBD)(MHD)
                                    :
U.S. HOMELAND SECURITY, BUREAU
OF IMMIGRATION AND CUSTOMS          :
ENFORCEMENT,
                                    :
                Respondent.
------------------------------------x
```

TO THE HONORABLE GEORGE B. DANIELS, U.S.D.J.:

Petitioner Muharrem Balkanli commenced this habeas corpus proceeding on January 27, 2009, at a time when he was being detained by the Department of Homeland Security in anticipation of a removal hearing. In his petition he asserted that the detention was unlawful, and he sought release. (Pet. for a Writ of Habeas Corpus at first and second pages; see Verified Pet. for Review at ¶¶ 17-39).

Respondent has informed us that on May 20, 2009 Balkanli attended a bond hearing before an Immigration Judge, who granted his request for a redetermination of custody, and authorized his release on a $10,000.00 bond. (See May 22, 2009 letter to the Court from Assistant U.S. Att'y Natasha Oeltjen & annexed Order of the Immigration Judge). According to the respondent, Balkanli posted

1

the required bond and was released from custody on May 22, 2009. (May 26, 2009 letter to the Court from Assistant U.S. Att'y Natasha Oeltjen & annexed Immigration Bond). Under these circumstances, the petition, which seeks only Balkanli's release from custody, is now moot and hence subject to dismissal. See, e.g., Alhawwarin v. DHS, 2009 WL 229964, at *3 (W.D.N.Y. Jan. 29, 2009); Baptiste v. INS, 2006 WL 3050884, at *2 (E.D.N.Y. Oct. 23, 2006); Williams v. INS, 2005 WL 1994102, at *2 (S.D.N.Y. Aug. 18, 2005).

In an effort to read petitioner's pro se papers with utmost liberality, we note that in one paragraph of a document that Balkanli filed with the court at the same time as the petition, he seemed to articulate a somewhat broader request for relief. The document in question is titled "Verified Petition for Review," and was annexed to a "Notice of Emergency Motion Motion [sic.] of Petition for Review," which was filed on January 27, 2009. Although the body of that "Verified Petition" addressed only the detention and denial of bail to Balkanli, in his section entitled "Prayer for Relief," he asked not only for an order directing his release from custody, but also for a directive "dismiss[ing] any further immigration proceedings against petitioner." (Verified Petition at ¶ 44). Although a request for such relief would not by mooted by petitioner's release from confinement, its presence in the petition does not save his case.

2

First, the petitioner fails to plead any basis whatsoever for the dismissal of the removal proceeding now pending against him. Second, in view of the continued pendency of the removal proceeding, it is self-evident that petitioner has not yet exhausted his administrative remedies, which is a prerequisite for seeking relief from a potential order of removal. 8 U.S.C. § 1252(d)(1); see, e.g., Zhong v. U.S. Dep't of Justice, 480 F.3d 104, 118 (2d Cir. 2006). Third, the review of orders of removal -- after they have been issued and agency remedies exhausted -- belongs in the circuit court, not here. 8 U.S.C. § 1252(a)(5); see, e.g., Samuels v. Chertoff, 550 F.3d 252, 256 (2d Cir. 2008); Channer v. Dep't of Homeland Security, 527 F.3d 275, 278-79 (2d Cir. 2008).

## CONCLUSION

For the reasons stated, we recommend that the writ be denied and the petition dismissed.

Pursuant to Rule 72 of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from this date to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies to be delivered to the chambers of the Honorable

3

George B. Daniels, Room 630, and to the chambers of the undersigned, Room 1670, 500 Pearl Street, New York, New York 10007. Failure to file timely objections may constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e); Thomas v. Arn, 470 U.S. 140, 150-52 (1985); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

Dated: New York, New York
       May 27, 2009

MICHAEL H. DOLINGER
UNITED STATES MAGISTRATE JUDGE

Copies of the foregoing Report and Recommendation have been mailed today to:

Mr. Muharrem Balkani
2447 44th Street, #1-H
Astoria, New York 11103

Natasha Oeltjen, Esq.
Assistant United States Attorney
   for the Southern District of New York
86 Chambers Street
New York, New York 10007